UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

FATWALLET, INC., a Delaware
corporation,

                          Plaintiff,

               v.

ANDREW CHIU, an individual, and
ALLEN CHIU, a/k/a Alan Chiu, an
individual,

                          Defendants.

Case No. 12-cv-12

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff FatWallet, Inc. ("FatWallet"), for its Complaint against Defendants and brothers Andrew Chiu and Allen Chiu (the "Chiu Brothers" or "Defendants"), alleges as follows:

### THE NATURE OF THE ACTION

1. Defendants and brothers Andrew and Allen Chiu consciously and deliberately defrauded FatWallet and an affiliated merchant. FatWallet provides cash back rewards to consumers who use its FatWallet Cash Back rebates program (the "Program"). The Chiu Brothers' rebate fraud scheme involved exploiting this Program by ordering merchandise online from a FatWallet affiliated merchant, which orders were then immediately canceled. The Chiu Brothers had discovered that, if canceled immediately, an order would continue to be reported as valid and commissionable, and thus eligible for earning cash back rewards. Over approximately two years, the Chiu Brothers placed orders for a high volume of merchandise that were immediately

canceled, and thus fraudulently obtained payments of cash back rewards from FatWallet in excess of $75,000.

2. As a result of the Chiu Brothers' fraudulent scheme, FatWallet brings this action for fraudulent misrepresentation, in violation of Wis. Stat. §§ 895.446 and 943.20(1)(d) (theft-by-fraud), computer fraud and abuse, in violation of 18 U.S.C. § 1030, and breach of contract. FatWallet seeks damages based on the Chiu Brothers' fraud and breach of contract, exemplary and punitive damages, attorneys' fees and costs.

## THE PARTIES

3. Plaintiff FatWallet is a Delaware corporation having a principal place of business at 100 East Grand Avenue, Beloit, Wisconsin 53511.

4. Upon information and belief, Defendant Allen Chiu, or Alan Chiu, is a citizen of Texas, whose domicile is at 8088 Park Lane, Apartment 1103, Dallas, Texas 75231.

5. Upon information and belief, Defendant Andrew Chiu is a citizen of Missouri, whose domicile is at 2220 Barnbridge Road, Saint Louis, Missouri 63131.

6. Upon information and belief, Chen Shan Chiu and Tai Mao Chiu ("Chiu Parents") are the parents of the Chiu Brothers, whose domicile is at 2220 Barnbridge Road, Saint Louis, Missouri 63131. Plaintiff is further informed and believes that some of the proceeds of the fraudulent scheme of the Chiu Brothers were sent to the address where the Chiu Parents reside, and that on at least two occasions, proceeds of the fraudulent scheme of the Chiu Brothers were requested to be paid to Tai Mao Chiu.

## JURISDICTION

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1132 and 1367. This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. This Court further has original jurisdiction pursuant to 18 U.S.C. § 1030 and 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant Andrew Chiu because, *inter alia*, he has purposefully directed his activities relating to his participation in the Program, his breach of contract with FatWallet, and his unauthorized access to FatWallet's computers, which are the subject matter of this action, into the Western District of Wisconsin. For example, Andrew Chiu entered into an agreement with FatWallet agreeing to jurisdiction and venue in Rock County, Wisconsin. *See* Exhibit A, ¶ 9 (FatWallet User Agreement).

9. This Court has personal jurisdiction over Defendant Allen Chiu because, *inter alia*, he has purposefully directed his activities relating to his participation in the Program, his breach of contract with FatWallet, and his unauthorized access to FatWallet's computers, which are the subject matter of this action, into the Western District of Wisconsin. For example, Allen Chiu entered into an agreement with FatWallet agreeing to jurisdiction and venue in Rock County, Wisconsin. *See* Exhibit A, ¶ 9 (FatWallet User Agreement).

10. Defendants have established the requisite minimum contacts with this District, and exercise of jurisdiction would comport with traditional notions of substantial justice and fair play.

## VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction in this judicial district, because the Chiu Brothers consented to venue in this judicial district by agreeing to the FatWallet User Agreement, and further because a substantial part of the events and activities giving rise to FatWallet's claims occurred in this judicial district.

## FACTS

12. Founded in 1999, FatWallet provides online shopping solutions, such as coupons, deals, rebates, and cash back rewards. FatWallet offers merchants with a means

of increasing web traffic to the merchant.  In return, FatWallet receives a percentage of the value of purchases made by FatWallet customers on the affiliated merchant's website.

13. FatWallet customers must sign up for a FatWallet account to receive cash back rewards.  Customers may sign up for an account by entering an email address, password, and agreeing to FatWallet's User Agreement.

14. Once a customer signs in to the FatWallet website, they see numerous coupons, cash back rewards, and daily deals for FatWallet's affiliated merchants.  A customer may take advantage of these offers by clicking on the respective link.  Customers' browsers will be directed to the affiliated merchant's website, along with a unique code that allows the affiliate merchant to identify that the customer was directed from FatWallet's website.  If the customer makes a qualifying purchase from an affiliated merchant for whom FatWallet offers cash back rewards, the merchant sends FatWallet a payment equal to a percentage of the value of the purchase.  FatWallet, in turn, credits the customer's FatWallet account with a percentage of the value of the customer's purchase.

15. At any time, a FatWallet customer may request that FatWallet issue payment of the accrued cash back rewards.  FatWallet will issue a check to the customer, so long as the value is greater than ten dollars, or make a Paypal payment to the customer in any amount.

### The Chiu Brothers Scam FatWallet

16. Beginning in 2009, the Chiu Brothers accessed FatWallet's website and created at least a dozen FatWallet accounts under different email addresses.  In creating these accounts, the Chiu Brothers agreed to FatWallet's User Agreement.

17. Using these accounts, the Chiu Brothers placed orders for merchandise with an affiliated merchant via the FatWallet Program.  After each order was placed, it was immediately canceled, either by the Chiu Brothers or by the affiliated merchant.  At some point the affiliated merchant began automatically cancelling the Chiu Brothers' orders, presumably because the affiliated merchant suspected fraudulent activity.  The

4

affiliated merchant would report each order to FatWallet as valid and commissionable, but then failed to later reverse the reported validity of the transaction despite its cancellation. Discovering that canceled transactions resulted in the payment of cash back rewards by FatWallet, the Chiu Brothers continued to place and cancel (or rely on the affiliated merchant's automatic cancellation of) online orders with the affiliated merchant and collect cash back rewards from FatWallet on transactions they knew to be bogus.

18. In addition, the Chiu Brothers exploited other aspects of the affiliated merchant's ordering processes to make and cancel orders while still generating cash back rewards with FatWallet.

19. The Chiu Brothers thus accumulated cash back rewards with FatWallet by conducting bogus e-commerce transactions. At regular intervals, the Chiu Brothers would request payment from FatWallet, who mailed checks to the Chiu Brothers.

20. On or around January 5, 2009, Allen Chiu first requested payment of one of his FatWallet account's balance. FatWallet, unaware that the underlying order had been canceled, mailed Allen Chiu a check.

21. Since that time, the Chiu Brothers have made hundreds of requests for payment of their FatWallet account balances.

### FatWallet Discovers the Scam and Seeks to Stop It

22. FatWallet continued to fulfill these requests until it discovered the Chiu Brothers' fraud in early October 2011.

23. At that time, FatWallet suspended all payments to the Chiu Brothers and alerted the affiliated merchant.

24. On information and belief, the affiliated merchant continued to credit FatWallet for the Chiu Brothers' canceled purchases under the Program.

25. Since early October 2011, the Chiu Brothers have repeatedly attempted to obtain the balances in their cash back accounts by changing payee names, payee addresses and payment methods. On at least two occasions, the Chiu Brothers requested

that payment be made to Tai Mao Chiu at the same address as that used by Andrew Chiu. Andrew Chiu most recently requested payment of the balance of one of his FatWallet accounts on December 8, 2011.

### The Chiu Brothers have Caused FatWallet Damages as a Result of their Fraudulent Scheme

26. Based on the Chiu Brothers' fraud, FatWallet has issued payments to the Chiu Brothers totaling over $75,000.

27. Based on the Chiu Brothers' fraud, FatWallet has become exposed to a claim that it repay the affiliated merchant a sum equal to the amount the affiliated merchant paid to FatWallet pursuant to the Program.

28. In addition, FatWallet has required its employees to spend significant time and expense investigating the Chiu Brothers' fraud.

### FIRST CLAIM FOR RELIEF

### (Theft-By-Fraud: Fraudulent Misrepresentation in Violation of Wis. Stat. §§ 895.446 and 943.20(1)(d))

29. Plaintiff FatWallet incorporates each of the above paragraphs as if fully set forth herein.

30. Beginning in January 2009, the Chiu Brothers made false representations to FatWallet. Specifically, the Chiu Brothers falsely represented, by agreeing to the User Agreement, that they would earn FatWallet Cash Back only by making qualifying purchases.

31. The Chiu Brothers, by requesting and receiving payment from FatWallet, further falsely represented to FatWallet that they were entitled to the cash back rewards accrued in their FatWallet accounts.

32. When the Chiu Brothers made the above representations, they knew them to be false and made them with the intention to deceive and defraud FatWallet and to induce it to act in reliance on those representations.

6

33. FatWallet, at the time these representations were made by the Chiu Brothers and at the time FatWallet took the actions herein alleged, was ignorant of the falsity of the representations and reasonably believed them to be true. FatWallet was deceived, and in reasonable reliance on these representations, FatWallet was induced to and did give the Chiu Brothers cash payments. Had FatWallet known the actual facts, it would not have made those payments. FatWallet's reliance was reasonable because it was aware of no facts to give rise to any suspicion to the contrary.

34. Using the above knowingly false representations, the Chiu Brothers defrauded FatWallet, and received an amount of cash payments exceeding $75,000.

35. As the proximate and actual result of the Chiu Brothers' fraudulent conduct, FatWallet suffered damages in an amount to be proven at trial, including the payments issued to the Chiu Brothers, the cost of relying on the commission payments from the affiliated merchant, and the costs of investigation to determine the extent and nature of the fraud.

36. The aforementioned conduct of the Chiu Brothers constituted intentional misrepresentations, deceit, and/or concealment of material facts known to the Chiu Brothers with the intention on the part of the Chiu Brothers of thereby depriving FatWallet of property and/or otherwise causing injury and subjecting FatWallet to unjust hardship in intentional disregard of FatWallet's rights, so as to justify an award of exemplary damages. In light of the breadth and duration of the Chiu Brothers' fraud and deceit aimed at FatWallet, such exemplary damages are also necessary to deter the Chiu Brothers from committing similar acts in the future.

## SECOND CLAIM FOR RELIEF

**(Computer Fraud and Abuse Act, 18 U.S.C. § 1030)**

37. Plaintiff FatWallet incorporates each of the above paragraphs as if fully set forth herein.

38. The Chiu Brothers accessed FatWallet's computers in the course of interstate commerce and/or communication, without FatWallet's authorization, as described in 18 U.S.C. § 1030(a)(2)(C). Any seeming authorization obtained by the Chiu Brothers was fraudulently obtained and rendered ineffective by the Chiu Brothers' deliberate intention to defraud FatWallet.

39. The Chiu Brothers violated 18 U.S.C. § 1030(a)(2)(C) by intentionally accessing FatWallet's computers and computer network without authorization, or exceeding authorized access, and obtaining information.

40. The Chiu Brothers violated 18 U.S.C. § 1030(a)(4) by knowingly and with intent to defraud, accessing FatWallet's computers or computer networks without authorization, or exceeding authorized access, and by such conduct furthering their intended fraud of using FatWallet's Program to obtain rebate payments. As averred above, the Chiu Brothers' scheme to perpetrate rebate fraud consisted of their unauthorized access or access exceeding authorization of FatWallet's computer network in the furtherance of their intended fraud. As a result of their access, the Chiu Brothers obtained information and payments of significant value, especially in the form of cash back rewards.

41. FatWallet's computers and computer networks are used in interstate commerce and are protected computers pursuant to 18 U.S.C. § 1030(e)(2)(B).

42. FatWallet has suffered a loss during this past year, as a direct result of the Chiu Brothers' conduct, aggregating at least $5,000 in value, including the value of the information the Chiu Brothers accessed, the value of the rebate payments issued to the Chiu Brothers, and the costs of investigation following FatWallet's discovery of the Chiu Brothers' unauthorized access.

43. The Chiu Brothers' actions were knowing and/or reckless and, as outlined above, caused harm to FatWallet.

44. FatWallet seeks recovery for this loss, in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

45. Plaintiff FatWallet incorporates each of the above paragraphs as if fully set forth herein.

46. The Chiu Brothers agreed to the FatWallet User Agreement by creating their FatWallet accounts.

47. FatWallet fully performed all of its obligations under the contract, except those obligations from which it was excused.

48. To the extent FatWallet ceased issuing payments to the Chiu Brothers under the Program, it has done so only after FatWallet discovered the Chiu Brothers' fraud, which breach was material and excused FatWallet's further performance under the contract.

49. The Chiu Brothers breached the User Agreement by failing to make a qualifying purchase when earning FatWallet Cash Back rewards, as required by Section III, Paragraphs 1 and 3 of the User Agreement.

50. The Chiu Brothers breached the User Agreement by failing to comply with all applicable laws, rules and regulations, as required by Section IV, Paragraph 4 of the User Agreement. Specifically, the Chiu Brothers failed to comply with the law against fraud and unauthorized computer access, as alleged above.

51. As a direct cause of the Chiu Brothers' breach, FatWallet has been injured in an amount to be proven at trial, but more than $ 75,000.

52. FatWallet has been injured by the Chiu Brothers' failure to make qualifying purchases at the affiliated merchant, which has exposed FatWallet to a refund claim from the affiliated merchant.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment)

53. Plaintiff FatWallet incorporates each of the above paragraphs as if fully set forth herein.

54. Plaintiff FatWallet conferred a benefit on the Chiu Brothers by crediting them with cash back rewards in an amount exceeding $75,000.

55. The Chiu Brothers appreciated and actually knew that they were receiving the benefit of FatWallet cash back rewards.

56. The Chiu Brothers accepted and retained the cash back reward benefits under circumstances making it inequitable for the Chiu Brothers to retain the cash back rewards without payment of its value.

57. Specifically, the Chiu Brothers accepted and retained the cash back reward benefits despite intentionally and knowingly canceling the purchases that they knew formed the basis and consideration for their receipt of the cash back rewards.

58. The Chiu Brothers further requested cash payment of the value of their unjustly accrued cash back reward benefits.

59. As a direct and proximate cause of the Chiu Brothers' actions, Plaintiff FatWallet was injured by crediting the Chiu Brothers' accounts with cash back reward benefits, paying the Chiu Brothers the cash value of the cash back reward benefits, and otherwise acting in reliance on the Chiu Brothers accrual of the cash back reward benefits, which has exposed FatWallet to a refund claim from the affiliated merchant.

## PRAYER FOR RELIEF

Accordingly, Plaintiff FatWallet requests a judgment in its favor and against Defendants for:

A. Injunctive relief restraining the Chiu Brothers from further accessing the FatWallet website, participating in the Program, or directing any other person from doing the same;

      B.      FatWallet's actual damages, to be proven a trial, including but not limited to all payments made by FatWallet to the Chiu Brothers, and all other actual damages caused by the Chiu Brothers' misconduct;

      C.      Consequential damages;

      D.      All costs of investigation and litigation, including attorney's fees and costs and the value of the time spent by FatWallet litigating this matter, pursuant to Wis. Stat. § 895.446;

      E.      Exemplary damages in the amount of three times FatWallet's actual damages, pursuant to Wis. Stat. § 895.446; and

      F.      Such further relief as the Court deems just and reasonable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated this 5th day of January, 2012.

| Of counsel: | s/ Lisa Nester Kass |
|---|---|
| | Lisa Nester Kass |
| Emmett C. Stanton | WI State Bar ID No. 1045755 |
| estanton@fenwick.com | lkass@reinhartlaw.com |
| Fenwick & West LLP | Reinhart Boerner Van Deuren s.c. |
| Silicon Valley Center | 1000 North Water Street, Suite 1700 |
| 801 California Street | Milwaukee, WI 53202 |
| Mountain View, CA 94041 | Telephone: 414-298-1000 |
| Telephone: 650-988-8500 | Facsimile: 414-298-8097 |
| Facsimile: 650-938-5200 | |
| | Attorneys for Plaintiff FatWallet, Inc. |
| Sebastian E. Kaplan | |
| skaplan@fenwick.com | |
| Fenwick & West LLP | |
| 555 California Street, 12th Floor | |
| San Francisco, CA 94104 | |
| Telephone: 415-875-2300 | |
| Facsimile: 415-281-1350 | |